IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Cedric Lewis, ) | |
| ) | Civil Action No. 6:09-570-HFF-WMC |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| John E. Potter, Postmaster General, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) or for failure to state a claim pursuant to Rule 12(b)(6) (doc. 6). The plaintiff alleges causes of action against his former employer, the United States Postal Service ("USPS"), and John E. Potter, the Postmaster General, for violations of Title VII of the Civil Rights Act of 1964, as amended, and the Americans With Disabilities Act ("ADA").[1]

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

---

[1] As recently stated by the court in *Stella v. Potter*, 2009 WL 792177 (E.D. N.Y. 2009),

> The ADA does not apply to alleged discrimination on the basis of disability in federal employment. *See* 42 U.S.C. § 12111(5)(b)(i) (exempting "the United States" from employers covered by the ADA); *Rivera v. Heyman*, 157 F.3d 101, 103 (2d Cir.1998) (holding that "[a]s a federal employee, [plaintiff] has no remedy for employment discrimination under the ADA.... His sole claim for discrimination on the basis of disability is under the Rehabilitation Act, if anywhere.") (internal citation omitted).

*Id.* at *1 n.1. Accordingly, for purposes of this motion, the court will construe the plaintiff's ADA claim as a claim under the Rehabilitation Act.

## BACKGROUND

The plaintiff has congenital bilateral hearing loss and complains (1) that the USPS failed to accommodate his disability when the interpreter it provided was incompetent and (2) that the USPS wrongfully relied upon the interpreter's biased testimony to fire him without just cause due to his race. The plaintiff was formerly employed as a clerk with the USPS in Greenville, South Carolina. He was employed by the USPS from 1988 until February 2004. From February 2-5, 2004, he was assigned window training (training to become a window clerk) at the Inman Post Office. Because he is hearing impaired, the USPS contracted with private sign language interpreters to sign for him at these training sessions. According to the complaint, his employment was terminated on February 4, 2004, when one of the two interpreters accused him of sexual harassment.

The defendant argues that this action is barred because the plaintiff did not timely appeal the Notice of Final Action to the Equal Employment Opportunity Commission ("EEOC").

## ANALYSIS

Because matters outside the pleadings have been presented to and not excluded by this court, the defendant's motion will be treated as one for summary judgment under Federal Rule of Civil Procedure 56. Fed.R.Civ.P. 12(d).

Congress has provided federal employees with several avenues for review of adverse personnel actions. Unlike their private sector counterparts, a federal employee may seek review of an adverse personnel decision through the Merit Systems Protection Board; or, if his concern is limited to discrimination in federal employment, he may choose to file a complaint with the agency's Equal Employment Opportunity Office; or, he may challenge management's actions by filing a grievance through the union. Here, the plaintiff availed himself of both the union grievance procedures and the administrative EEO process. This

2

action does not concern the arbitrator's decision, and thus the defendant's motion is limited to the EEOC's administrative complaint process.

The remedial scheme enacted by Congress for federal employees alleging unlawful discrimination "provides for a careful blend of administrative and judicial enforcement powers" involving a step by step procedure, set out in the Code of Federal Regulations. *Brown v. General Services Administration*, 425 U.S. 820, 831-33 (1976). *See also Woodard v. Lehman*, 717 F.2d 909, 914 (4th Cir. 1983) (holding that the validity of regulations setting forth specific time frames in which complaints of discrimination must be initiated is "well settled").

Although the employee is frequently presented with several alternative forums for review, there are specific time limitations during which an employee must make a choice between available alternatives. The steps relevant to this action are as follows: As a general proposition, a federal employee who believes he has been discriminated against on the basis of race and disability, like the plaintiff, begins the review process by initiating contact with an EEO Counselor "within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1). The counselor then has 30 days in which to informally resolve the matter and to conduct a final interview. *Id.* § 1614.105(d). If the complaining employee is dissatisfied with counselor's informal efforts to resolve the matter, the employee is then required to file a formal administrative complaint with the agency within 15 days of receipt of the Final Interview, which describes "the action(s) or practice(s) that form the basis of the complaint." *Id*. § 1614.106. Once the agency receives the formal complaint, it has a responsibility to conduct an impartial investigation within 180 days; an employee may request a hearing before an administrative judge any time after 180 days (if the agency has not completed its investigation) or within 30 days of his receipt of the investigative file. *Id.* §§ 1614.106(e)(2) and 1614.108(f). Within 40 days after it receives the administrative judge's decision, the agency shall take final action by issuing a final decision.

3

*Id.* § 1614.110(b). If the employee is dissatisfied with the agency's Final Action (also called the Final Agency Decision or "FAD") on the formal complaint, the employee has 30 days in which to appeal to the EEOC, or alternatively, he has 90 days in which to file a lawsuit in the U.S. District Court. *Id.* §§ 1614.402(a) and 1614.407(a).

After an administrative investigation of his termination, the plaintiff requested a hearing before an Administrative Judge with the EEOC in Charlotte. Following discovery, but before a full hearing with witnesses, the agency filed two dispositive motions which were granted by the Administrative Judge on June 20, 2005 (def. m. to dismiss, ex. 2). The Order Entering Judgment was included with the decision; it notified the plaintiff that he would soon receive the final order of the agency and that he had 30 days after receipt to appeal to the EEOC's Office of Federal Operations ("OFO"). The USPS issued its final order, captioned "Notice of Final Action," on July 14, 2005. The Notice of Final Action adopted the Administrative Judge's Decision and once again set out the plaintiff's appeal rights as follows:

> Right to file a civil action If you are dissatisfied with the Agency's final action, you may file a civil action in the appropriate U.S. District Court within 90 calendar days of your receipt of this decision . . .
> * * *
> **Appeal to the Equal Employment Opportunity Commission**
> In lieu of filing a civil action, you may appeal to the Equal Employment Opportunity Commission within 30 calendar days of the date of your receipt of the Agency's final action. . .

(Def. m. to dismiss, ex. 3).

The certified mail receipt shows that the Notice of Final Action was delivered to and signed for at 1110 Broadway Lake Road in Anderson, South Carolina, on July 18, 2005 (def. m. to dismiss, ex. 4). The plaintiff's appeal to the EEOC was postmarked February 21, 2006 (some 218 days later); accordingly, the EEOC dismissed his appeal as untimely on September 14, 2006. The EEOC's Dismissal of Appeal contained a statement of the plaintiff's right to request reconsideration by the EEOC within 30 days or to appeal to

4

the United States District Court within 90 days of receipt (def. m. to dismiss, ex. 5). The plaintiff timely requested reconsideration by the EEOC. The OFO denied reconsideration on May 25, 2007, notifying the plaintiff that, "[t]he decision in EEOC Appeal No. 01A63190 remains the Commission's final decision." A notice of appeal rights was appended to the OFO Denial, informing the plaintiff that "You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision" (def. m. to dismiss, ex. 6). The plaintiff filed his initial complaint in federal court on August 28, 2007.[2]

The defendant argues that the plaintiff failed to exhaust his administrative remedies because of his failure to timely appeal the Notice of Final Action to the EEOC's OFO. The plaintiff contends that equitable tolling is appropriate based on "inadequate notice" and "lack of constructive notice." The plaintiff argues that the delay in filing the appeal to the EEOC was because the Notice of Final Action was delivered to his mother's address in Anderson rather than his address in Greenville. According to the plaintiff, his mother signed for the letter but did not open it or deliver it to him. The plaintiff further claims in his brief that he learned of his right to file an appeal with the EEOC months later from a union representative. The plaintiff has presented no evidence or testimony in support of his arguments.

The defendant notes that all of the documents from the EEOC were sent to the Anderson address (def. m. to dismiss, ex. 2), and the plaintiff was reminded in several EEOC documents of his obligation to notify the EEOC if he changed his address (def. reply,

---

[2] Proceeding *pro se*, the plaintiff filed his first federal court complaint on August 28, 2007. *See Lewis v. USPS*, C.A. No. 6:07-cv-02963-GRA-BHH. He thereafter retained counsel and served the U.S. Attorney's Office and the USPS on or about December 18, 2008. The government filed a timely answer on February 18, 2009. On February 20, two days after the government's answer, the action was dismissed without prejudice for failure to provide the court with proof of service, despite several directions from the court that such filing was necessary. The plaintiff appealed; however, the appeal was dismissed for failure to prosecute. On March 5, 2009, the plaintiff filed the instant action which, like the complaint filed on August 28, 2007, claims discriminatory firing based on race and disability.

ex. 1, 2). There is no evidence that the plaintiff ever notified the EEOC of a change of address from Anderson to Greenville. When the plaintiff requested reconsideration of the dismissal of his appeal to the EEOC, the EEOC stated in the denial that the request was denied because the certified mail return receipt card showed that the Notice of Final Action was received at the plaintiff's "address of record" and the plaintiff "ha[d] not offered adequate justification for an extension of the applicable time limit for filing his appeal" (def. m. to dismiss, ex. 6). In fact, the denial of the request for reconsideration was also sent to the plaintiff at the address in Anderson (def. m. to dismiss, ex. 6).

The Fourth Circuit Court of Appeals has observed that "[i]t is settled law that a federal employee must seek administrative review of her grievance before filing a suit for unlawful discrimination in employment." *Young v. National Center for Health Services Research*, 828 F.2d 235, 237 (4th Cir. 1987). Furthermore, dismissal of the plaintiff's complaint for failure to pursue a timely appeal to the EEOC is supported by judicial precedent. *See Miller v. Rosenker,* 578 F.Supp.2d 67, 71 (D. D.C. 2008) ("It is uncontested that Plaintiff did not file an appeal [with OFO or the court] before the EEOC deadline had expired. . . . Barring any equitable considerations, Plaintiff's complaint must be dismissed for failing to comply with the Title VII deadlines."). *See also Jenkins v. Potter*, 271 F.Supp.2d 557, 562-63 (S.D. N.Y. 2006) ("Timely exhaustion of administrative remedies requires an employee to comply with applicable EEOC regulations," and plaintiff's failure to comply with the EEOC regulations that require the employee to file an appeal within 30 days of receipt of the final decision mandates dismissal of the case); and *Melson v. Salazar*, 598 F.Supp.2d 71, 74 (D. D.C. 2009) (because plaintiff failed to request reconsideration within 30 days or to appeal the final agency action to the courts within 90, he thus failed to exhaust administrative remedies, and the motion to dismiss was granted).

Several unreported decisions from courts in the Fourth Circuit have likewise ruled that failure to file a timely appeal to the OFO within 30 days subjects the district court

case to dismissal. *See Teal v. Singleton*, 131 Fed. Appx. 431, 431, 2005 WL 1156031, *1 (4th Cir. 2005) (holding that failing to appeal the agency's final decision to OFO within 30 days was a failure to exhaust administrative remedies requiring dismissal); *Ford v. Kelso*, C.A. No. N-93-1499, 1994 WL 722654, *3 (D. Md. 1994) (holding that in failing to file a timely filing with the OFO, plaintiff "did not take the appropriate steps to preserve her right to appeal [the agency's] final decision. Because she failed to exhaust her administrative remedies, she cannot maintain the instant case."); and *Manning v. Potter*, C.A. No. 3:04-cv-00007-W, 2007 WL 922934, *2 (W.D. N.C. 2007) (holding that failure to appeal to OFO is a "defect" which is "fatal to Plaintiff's action in this Court, absent a finding that equitable tolling principles apply"). Furthermore,

> [E]quitable tolling is available only in " 'those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result.' " [*Rouse v. Lee*,] 339 F.3d 238, 246 (4th Cir.2003) (en banc) (quoting *Harris*, 209 F.2d at 330), cert. denied, 541 U.S. 905 (2004). Those rare instances include "situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin*, 498 U.S. at 96.

*Id.*

The plaintiff has failed to exhaust his administrative remedies, and he has further failed to show that the principles of equitable tolling apply. Based upon the foregoing, it is recommended that the defendant's motion (doc. 13) be granted.

s/William M. Catoe
United States Magistrate Judge

November 20, 2009
Greenville, South Carolina

7